IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERTA SIMMONS BEDDING, LLC and DREAMWELL, LTD.,<br><br>      Plaintiffs,<br><br>  v.<br><br>CASPER SLEEP INC.,<br><br>      Defendant. | Civil Action No. 17-cv-7468 |

**DEFENDANT CASPER SLEEP INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON CLAIM CONSTRUCTION**

Defendant Casper Sleep Inc. respectfully moves for leave to file a short sur-reply brief in opposition to Plaintiffs' Motion for Reconsideration of the Court's Order on Claim Construction. Plaintiffs' reply brief contains egregious misrepresentations of the governing law and key facts regarding their motion, including the examples described below. A sur-reply is thus necessary and appropriate.

  A. **Plaintiffs Misrepresent the Law Governing Claim Construction**

Plaintiffs grossly misrepresent the governing law regarding claim construction, relying upon legal propositions that have been expressly rejected by the Federal Circuit. The central dispute between the parties regarding the term "body" is whether it must be construed in light of how the term is used and defined in the specification and prosecution history (as Casper contends), or whether that claim term can be construed in isolation untethered to the definition in the specification (as Plaintiffs contend). Governing Supreme Court and Federal Circuit law is conclusive: the Court *must* construe "body" in light of the meaning given to that term in the

1

specification and prosecution history—and that meaning is the "entirety of the mattress" (as the Court has held) or alternatively "the physical structure of the mattress."

To support their construction (which is irreconcilable with the specification and prosecution history), Plaintiffs tell the Court that the term "body" in the claims is effectively meaningless, "much like the term 'widget.'" Reply (D.I. 114) at 2. They then tell the Court not to look beyond the claims, and not to consider the specification or prosecution history, citing a 1999 Federal Circuit case, *Johnson Worldwide Assocs., Inc. v. Zebco Corp.*:

> Casper argues that "the inventor's very choice of the word 'body' over other, broader or more general terms demonstrates that the inventor intended to limit that claim element to a specific structure—one that is disclosed and described in the specification and prosecution history." Casper Br. at 6. In doing so, however, Casper violates a cardinal rule of claim construction: "***claim terms cannot be narrowed by reference to the written description or prosecution history unless the language of the claims invites reference to those sources***." *Johnson Worldwide Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985, 989-90 (Fed. Cir. 1999).

Reply (D.I. 114) at 4–5 (emphasis added).

But what Plaintiffs claim is "a cardinal rule of claim construction" is not the law at all, and in fact was overruled by the Federal Circuit, in its *en banc* opinion in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005). In *Phillips*, the Federal Circuit rejected the approach that certain prior panel opinions (like *Johnson*) had espoused, in which the specification was to be consulted only if there was a special reason to do so. The Federal Circuit made clear that claim terms always "***must be read in view of the specification, of which they are a part***." *Phillips*, 415 F.3d at 1315 (citation omitted). The court held that the specification "is ***always*** highly relevant to the claim construction analysis," and that "***[u]sually, it is dispositive; it is the single best guide to the meaning of a disputed term***." *Id.* (citation omitted). Contrary to Plaintiffs' statement of the law, the *Phillips* court also held that claim terms "***cannot***" be considered "in a vacuum," rather

they must be construed "*in the context of the written description and the prosecution history*." *Id.* at 1313.

Since *Phillips*, the Federal Circuit has repeatedly reiterated that claim terms must be construed in light of the specification and prosecution history. *See, e.g.*, *Trustees of Columbia Univ. in City of N.Y. v. Symantec Corp.*, 811 F.3d 1359, 1363 (Fed. Cir. 2016) ("The only meaning that matters in claim construction is the meaning in the context of the patent."); *Id.* at 1362–63 ("claims must be read in view of the specification," which is "the primary basis for construing the claims," and the Court "should also consider the patent's prosecution history."); *Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1320 (Fed. Cir. 2016) ("[C]laims are directed to the invention that is described in the specification; they do not have meaning removed from the context from which they arose.") (citation omitted); *GPNE Corp. v. Apple Inc.*, 830 F.3d 1365, 1370 (Fed. Cir. 2016) ("When a patent repeatedly and consistently characterizes a claim term in a particular way, it is proper to construe the claim term in accordance with that characterization.").

Plaintiffs also misrepresent the law in other ways.  For example, Plaintiffs wrongly assert that "Casper's repeated assertions that the term 'body' is 'define[d]' in the Asserted Patents" are "false," because the specification contains no "definitional statement for 'body.'"  Reply (D.I. 114) at 6.  The Federal Circuit has explicitly addressed and rejected this exact argument.  "As our en banc opinion in *Phillips* made clear, 'a claim term may be clearly redefined without an explicit statement of redefinition' and '*[e]ven when guidance is not provided in explicit definitional format, the specification may define claim terms by implication* such that the meaning may be found in or ascertained by a reading of the patent documents.'"  *Trustees of*

3

*Columbia Univ.*, 811 F.3d at 1364 (quoting *Phillips*, 415 F.3d at 1320–21) (emphasis added). That is precisely the case here, as Casper's brief explained. *See* Opp. (D.I. 111) at 4–11.

> **B.   Plaintiffs Misrepresent the Court's Order Regarding the Claim Term "at least one of the top and bottom surfaces including a plurality of channels"**

Plaintiffs also misrepresent the law and facts repeatedly regarding the claim term "at least one of the top and bottom surfaces including a plurality of channels." For example, Plaintiffs make a fundamental misrepresentation about what happened with respect to this term during the *Markman* proceedings. As Casper explained in its opposition brief, the Court has not yet resolved the parties' dispute about this term, because the dispute was rendered moot by the Court's construction of "body" at the *Markman* hearing. *See* D.I. 111 at 15. Thus, if the Court now reconsiders and changes its construction of "body," then the parties' dispute about this other claim term will need to be resolved. *Id.*

In their reply brief, Plaintiffs now say that the Court *did* resolve the parties' dispute about this claim term on the merits. D.I. 114 at 14. But that is false, and Plaintiffs know it is false, because they participated in the following exchange with the Court at the *Markman* hearing. In this exchange, the Court construed the term "body," and then gave the parties time to confer about how that construction would impact their other claim construction disputes. The parties conferred, and then informed the Court that their dispute about the term "at least one of the top and bottom surfaces including a plurality of channels" was *moot "in light of your Honor's ruling with respect to the term 'body,'"* and that therefore the Court did not need to issue a construction of that other term *"at this time"*:

> THE COURT: I am staying with "entirety of the mattress." That will be the definition [of "body"]. The next item.
>
> MR. KREVITT: Your Honor --

4

>THE COURT: Yes, Mr. Krevitt.
>
>MR. KREVITT: Would it be okay to pause for just one moment, *because your Honor's ruling on that term may streamline another issue*. It may be useful for us to take just a moment to huddle on the next term, if that's all right with the court.
>
>THE COURT: Sure.
>
>MR. KREVITT: All right. Thank you.
>
>*(Counsel confer)*
>
>MR. KREVITT: Your Honor, in light of, as I just discussed with counsel for plaintiffs, *in light of your Honor's ruling with respect to the term "body," we do not believe it is necessary at this time to construe the next term*, which is Serta's position.  Serta had suggest no construction –
>
>THE COURT: No construction necessary. *I agree.*
>
>MR. KREVITT: Thank you, your Honor.
>
>MR. SCHOENHARD: For clarity, I believe it is referred to as "the next term." Can we have for the record what that term is?
>
>THE COURT: At least what are the top and bottom surfaces, including the plurality of channels that appears in claim 1, line --
>
>MR. KREVITT: It is the '763 patent.
>
>THE COURT: -- 13 and 14.

1/25/18 *Markman* Hearing Tr. at 12:19-13:23 (emphases added).

Thus, Plaintiffs know that the Court did *not* resolve the parties' dispute on the merits, and that this dispute will need to be resolved if the Court reconsiders and changes its construction of "body."  Therefore Casper respectfully requests permission to file a sur-reply to address Plaintiffs' misrepresentation from their reply brief.

     **C.**     **Plaintiffs Misrepresent the Law Governing Motions for Reconsideration**

Further, Plaintiffs misrepresent the law that governs their motion for reconsideration. They represent to the Court in their reply brief that "a motion for reconsideration of a claim construction order is properly brought under Rule 59" rather than under Local Rule 6.3.  D.I. 114

5

at 2, 11.  But that is false.  In this district, motions for reconsideration of a claim construction order are decided under Local Rule 6.3.  That rule sets a 14-day deadline, which Plaintiffs violated by filing their motion 28 days after the order.  *See, e.g.*, *VDP Patent, LLC v. Welch Allyn Holdings*, 623 F. Supp. 2d 414, 434 (S.D.N.Y. 2008) (denying motion for reconsideration of prior claim construction order because plaintiff exceeded the time permitted for reconsideration under S.D.N.Y. Local Civ. R. 6.3); *Metso Minerals, Inc. v. Powerscreen Int'l Distribution Ltd.*, 722 F. Supp. 2d 316, 319 (E.D.N.Y. 2010) (when analyzing a motion to reconsider a claim construction order, stating that a "motion for reconsideration in the Eastern and Southern Districts of New York is governed by Local Civil Rule 6.3").

Tellingly, Plaintiffs do not cite a single case from this district applying Rule 59 to a motion to reconsider claim construction, or holding that Rule 59 applies rather than Local Rule 6.3.  Instead, Plaintiffs simply represent to the Court that S.D.N.Y. Local Rule 6.3 does not apply here, even though Plaintiffs cite only to cases from *other districts*—where of course Local Rule 6.3 does not apply because it does not exist.  *See* D.I. 114 at 11.  Worse yet, Plaintiffs conspicuously omit any mention of the cases from this district that *have applied Local Rule 6.3* to motions for reconsideration of claim construction, not Rule 59—and there are many such cases.[1]  Casper respectfully requests permission to file a sur-reply brief to address Plaintiffs'

---

[1] *See, e.g.*, *VDP Patent*, 623 F. Supp. 2d at 434; *Olaf Soot Design, LLC v. Daktronics, Inc.*, 15 Civ. 5024, 2017 WL 2191612, at *1 (S.D.N.Y. May 17, 2017) (analyzing motion to reconsider prior claim construction order under Local Rule 6.3); *Windbrella Prods. Corp. v. Taylor Made Golf Co., Inc.*, No. 05 Civ. 5626, 2006 WL 931698, at *2 (S.D.N.Y. Apr. 10, 2006); *Small v. Nobel Biocare USA, LLC,* No. 05 Civ. 3225, 2012 WL 952396, at *1 (S.D.N.Y. Mar. 21, 2012); *McNeil-PPC, Inc. v. Perrigo Co.,* No. 05 Civ. 1321, 2007 WL 104513, at *1 (S.D.N.Y. Jan. 17, 2007); *AT&T Corp. v. Microsoft Corp.,* No. 01 Civ. 4872, 2004 WL 309150, at *1 (S.D.N.Y. Feb. 19, 2004); *Interactive Gift Exp., Inc. v. Compuserve Inc.,* No. 95 Civ. 6871, 1999 WL 49360, at *1 (S.D.N.Y. Feb. 2, 1999).

egregious misstatement of the law, because the correct, governing law is dispositive of Plaintiffs' untimely motion.

**D.    CONCLUSION**

For the foregoing reasons, Casper respectfully requests permission to file a sur-reply in opposition to Plaintiffs' motion for reconsideration of the Court's claim construction order.

                                                        Respectfully submitted,

Dated:   March 22, 2018                                 */s/Katherine Q. Dominguez*

                                                        GIBSON, DUNN & CRUTCHER, LLP

                                                        Josh A. Krevitt
                                                        email: jkrevitt@gibsondunn.com
                                                        Katherine Q. Dominguez
                                                        email: kdominguez@gibsondunn.com
                                                        200 Park Avenue, 48th Floor
                                                        New York, NY 10166
                                                        Telephone: (212) 351-4000
                                                        Facsimile: (212).351-4035

                                                        Stuart M. Rosenberg *(Pro Hac Vice)*
                                                        email: srosenberg@gibsondunn.com
                                                        1881 Page Mill Road
                                                        Palo Alto, CA 94304
                                                        Telephone: (650) 849-5389
                                                        Facsimile: (650) 849-5089

                                                        Jordan Bekier  *(Pro Hac Vice)*
                                                        email: jbekier@gibsondunn.com
                                                        333 South Grand Avenue
                                                        Los Angeles, CA 90071
                                                        Telephone: (213) 229-7736
                                                        Facsimile: (213) 229-6726

        Nathan Curtis *(Pro Hac Vice)*
email: ncurtis@gibsondunn.com
2100 McKinney Ave, Ste. 1100
Dallas, TX 75201
Telephone: (214) 698-3423
Facsimile: (214) 571-2961

*Attorneys for Defendant Casper Sleep Inc.*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was electronically filed with the Clerk of the Court on March 22, 2018, via the Court's CM/ECF system and has been served on all counsel of record who have consented to electronic service.

Dated: March 22, 2018　　　　　　　　　/s/Katherine Q. Dominguez

　　　　　　　　　　　　　　　　　　　Katherine Q. Dominguez